**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SILVER SPRING JEWISH CENTER, INC., *et al.* | : | |
| Plaintiffs, | : | Case No. 8:26-cv-02963-DKC |
| v. | : | |
| MONTGOMERY COUNTY, MARYLAND, *et al.* | : | |
| Defendants. | : | |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF BY MONTGOMERY COUNTY, MARYLAND, MARC ELRICH, AND MARC R. YAMADA**

Defendants, Montgomery County, Maryland (the "County"), Marc Elrich, in his official capacity as County Executive of Montgomery County ("County Executive"), and Marc R. Yamada, in his official capacity as Chief of Police of Montgomery County ("Chief of Police"), by and through its undersigned counsel, answer the Complaint for Declaratory and Injunctive Relief (the "Complaint"), as follows:

1. The allegations in paragraph 1 characterize the Complaint in the above-captioned lawsuit, which is a writing that speaks for itself, and any allegation inconsistent therewith is denied. The remaining allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. Defendants admit that on July 27, 2026, the County Executive signed Expedited Bill No. 23-26 ("Bill 23-26E"), which speaks for itself and any allegation inconsistent therewith is denied.

3. The allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. Defendants deny that "Montgomery County seeks to deprive Jews of their ability to defend themselves at their most Jewish moment: praying in synagogues" and that "Montgomery County would rather declare open season." Insofar as paragraph 4 purports to state Jewish law, those allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations in paragraph 4. Defendants deny the remaining allegations in paragraph 4.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.

7. The allegations in paragraph 7 characterize the Complaint in the above-captioned lawsuit, which is a writing that speaks for itself, and any allegation inconsistent therewith is denied. Defendants deny that Plaintiffs are entitled to the relief that they seek.

**THE PARTIES**

8. Insofar as the allegations in paragraph 8 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 8. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 8.

9. Defendants are without knowledge or information to admit or deny the allegations in paragraph 9.

10. Defendants admit that Montgomery County is a "charter county" of the State of Maryland. The remaining allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 10.

11. Defendants admit that Defendant Marc Elrich is the County Executive of Montgomery County. The remaining allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 11.

12. Defendants admit that Defendant Marc R. Yamada is the Chief of Police of Montgomery County. The remaining allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 12.

13. Defendants are without knowledge or information to admit or deny the allegations in paragraph 13.

## JURISDICTION, VENUE, AND DIVISION

14. Defendants deny any "deprivation, under color of state law" or otherwise, of any "rights protected by the U.S. Constitution." The remaining allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 15.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 16.

## FACTS

**Montgomery County's New Firearms Ban**

17. Defendants admit that on July 21, 2026, the Montgomery County Council voted to amend the Montgomery County Code and enacted Bill 23-26E, which speaks for itself and any

allegations inconsistent therewith are denied. Defendants admit that the County Executive signed Bill 23-26E on July 27, 2026.

18. Defendants admit that Bill 23-26E took effect upon signing by the County Executive.

19. The allegations in paragraph 19 quote and/or characterize Bill 23-26E, which speaks for itself, and any allegations inconsistent therewith are denied.

20. The allegations in paragraph 20 quote and/or characterize Bill 23-26E, which speaks for itself, and any allegations inconsistent therewith are denied.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21.

22. The allegations in paragraph 22 characterize the Complaint, which is a writing that speaks for itself, and any allegations inconsistent therewith are denied.

**Plaintiffs' Injuries**

23. Insofar as the allegations in paragraph 23 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 23. Defendants otherwise deny the allegations in paragraph 23.

24. Defendants are without knowledge or information to admit or deny the allegations in paragraph 24.

25. Defendants are without knowledge or information to admit or deny the allegations in paragraph 25.

26. Defendants are without knowledge or information to admit or deny the allegations in paragraph 26.

27. Insofar as the allegations in paragraph 27 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27. Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 27.

28. Defendants are without knowledge or information to admit or deny the allegations in paragraph 28.

29. Defendants are without knowledge or information to admit or deny the allegations in paragraph 29.

30. Insofar as paragraph 30 purports to state Jewish law, those allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations in paragraph 30. Defendants otherwise deny the allegations in paragraph 30.

31. Insofar as paragraph 31 purports to state Jewish law, those allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations in paragraph 31.

32. Insofar as paragraph 32 purports to state Jewish law, those allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 32. Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 32.

33. Insofar as the allegations in paragraph 33 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33. Defendants otherwise deny the allegations in paragraph 33.

34. Insofar as the allegations in paragraph 34 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 34. Defendants otherwise deny the allegations in paragraph 34.

35. As to the first sentence of paragraph 35, insofar as it states legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 35. Defendants otherwise deny the allegations in the first sentence of paragraph 35. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 35.

36. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 36.

37. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 37.

38. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 38.

39. Defendants are without knowledge or information to admit or deny the remaining allegations in paragraph 39.

40. Insofar as paragraph 40 purports to state Jewish law, those allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 40. Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 40.

41. Insofar as the allegations in paragraph 41 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 41.

Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 41.

42. Insofar as the allegations in paragraph 42 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 42. Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 42.

43. Defendants are without knowledge or information to admit or deny the allegations in paragraph 43.

44. Insofar as the allegations in paragraph 44 state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 44. Defendants otherwise are without knowledge or information to admit or deny the allegations in paragraph 44.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### First and Fourteenth Amendments – Free Exercise Clause
### (42 U.S.C. § 1983)

45. Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

46. The allegations in paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47. The allegations in paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 47 and/or other applicable law.

48. The allegations in paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 48 and/or other applicable law.

49. Defendants are without knowledge or information to admit or deny the allegations in paragraph 49.

50. Defendants are without knowledge or information to admit or deny the allegations in paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**SECOND CAUSE OF ACTION**
**First and Fourteenth Amendments – Establishment Clause**
**(42 U.S.C. § 1983)**

61. Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

62. The allegations in paragraph 62 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 62.

63. The allegations in paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 63 and/or other applicable law.

64. Denied.

65. Denied.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 66 and/or other applicable law.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**THIRD CAUSE OF ACTION**
**Second and Fourteenth Amendments – Right to Bear Arms**
**(42 U.S.C. § 1983)**

71. Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

72. The allegations in paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are

inconsistent with the legal authorities quoted and/or characterized in paragraph 72 and/or other applicable law.

73. The allegations in paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 73 and/or other applicable law. Defendants otherwise deny the allegations in paragraph 73.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**FOURTH CAUSE OF ACTION**
**Fourteenth Amendment – Equal Protection**
**(42 U.S.C. § 1983)**

79. Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 80 and/or other applicable law.

81. The allegations in paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 81 and/or other applicable law.

82. The allegations in paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 82 and/or other applicable law. Defendants otherwise deny the allegations in paragraph 82.

83. Denied.

84. Denied.

## PRAYER FOR RELIEF

The Prayer for Relief does not contain factual assertions but rather a request for relief. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested, and seek judgment in favor of Defendants and against Plaintiffs, that the requested relief is denied. Defendants further seek such other and further relief in their favor as this Court may deem just and appropriate, and further seek an award of the County's costs and attorneys' fees in defending this action.

## AFFIRMATIVE DEFENSES

### First Defense

Some or all of Plaintiffs lack standing.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by laches.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by estoppel.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by waiver.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by res judicata.

**Sixth Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Seventh Defense**

Defendants generally deny liability as to all claims alleged in Plaintiffs' Complaint.

**Eighth Defense**

Defendants did not intentionally or otherwise deprive Plaintiffs of their federal constitutional rights.

**Ninth Defense**

The actions of the County Executive and the Chief of Police were performed in the discharge of their official duties and responsibilities as employees of Montgomery County. Their actions were performed in good faith and with the objectively reasonable belief that their acts were lawful and constitutional. The County Executive and the Chief of Police deny any allegations of malice or improper motive.

**Tenth Defense**

The actions of the County Executive and the Chief of Police were done in accordance with the law and were at all times in good faith. The County Executive and the Chief of Police were acting as government officials performing discretionary functions in the scope of their employment without actual malice. As such, they are entitled to all applicable immunities, including public official immunity, statutory immunity, and qualified immunity.

**Eleventh Defense**

Defendant Montgomery County denies all allegations regarding alleged constitutional violations resulting from alleged failures in training, supervision, discipline, hiring, policies, practices, decisions, habits, customs and usages.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

By: /s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (Bar ID 419681)
jschwaber@steinsperling.com
(301) 354-8110 (facsimile)
Deanna L. Peters (Bar ID 15674)
dpeters@steinsperling.com
(301) 354-8131 (facsimile)
STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
Tel: (301) 340-2020

/s/ Erin J. Ashbarry
Erin J. Ashbarry (Bar ID 26298)
Chief, Division of Government Operations
Erin.Ashbarry@montgomerycountymd.gov
Office of the County Attorney
101 Monroe Street, 3rd Floor
Rockville, Maryland 20850
Tel: (240) 777-6700
Fax: (240) 777-6705

*Attorneys for Montgomery County, Maryland, Marc Elrich, and Marc R. Yamada*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2026, a copy of the foregoing was sent to all counsel of record via CM/ECF.

/s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (Bar ID 419681)