# EXHIBIT 9

Agenda Item #4D
July 21, 2026
**Action**

**M E M O R A N D U M**

July 16, 2026

TO: County Council

FROM: Christine Wellons, Chief Legislative Attorney

SUBJECT: Expedited Bill 23-26, Weapons – Restrictions on Ghost Guns Near Minors and Carrying of Firearms in or Near Places of Public Assembly

PURPOSE: Action – roll call vote expected

**Committee Recommendation**: The Public Safety (PS) Committee recommended (3-0) the enactment of Expedited Bill 23-26 with amendments.

Expedited Bill 23-26, Weapons – Restrictions on Ghost Guns Near Minors and Carrying of Firearms in or Near Places of Public Assembly, was introduced on May 12, 2026. The Lead Sponsor is Councilmember Luedtke, and the Co-Sponsors are Councilmember Stewart, Council President Fani-González, Councilmember Friedson, Council Vice President Balcombe, and Councilmembers Katz, Evans, and Glass.

A public hearing occurred on June 9, 2026. A worksession of the Public Safety (PS) Committee occurred on June 15. The Committee voted (3-0) to recommend enactment of the bill with amendments.

Expedited Bill 23-26 would:

(1) define terms related to weapons and firearms;
(2) regulate the sale or transfer of ghost guns with respect to minors;
(3) amend exceptions to a prohibition against carrying firearms in places of public assembly;
(4) amend the regulation of the operation of gun shops; and
(5) generally amend the law regarding firearms and other weapons.

**BACKGROUND**

In 2021 and 2022, the County Council enacted Bills 4-21 and 21-22E, which sought to regulate "ghost guns" and other firearms: (1) within 100 yards of "places of public assembly"; and (2) with respect to minors.

On April 28, 2026, the Maryland Supreme Court issued an opinion in *Engage Armament, LLC, et al. v. Montgomery County, Maryland* (Case No. 485899-V). Under the opinion, the Court upheld portions of Council Bills 4-21 and 21-22E but found that other provisions of the bills exceed County authority or are preempted by State law.

The purpose of Expedited Bill 23-26 is to bring the County law into alignment with the Supreme Court's opinion in *Engage Armament* so that the County law is valid and enforceable under Maryland law.

**BILL SPECIFICS**

In accordance with the Maryland Supreme Court's opinion, Expedited Bill 23-26 would amend County Code Chapter 57, Sections 57-1, 57-7, and 57-11 regarding: (1) the definition of "ghost gun"; (2) the definition of "place of public assembly"; (3) the possession of ghost guns "in the presence of minors"; and (4) the application of the County law to individuals who have wear-and-carry permits from the state.

***Definition of ghost guns***. The Court held that the County's restrictions on "ghost guns" could be construed, but must not be construed, to apply "with respect to firearms that have been serialized by firearms dealers in compliance with federal and State law." *Id*. at 56. Accordingly, Expedited Bill 23-26 would clarify the County's definition of "ghost guns" to read as follows:

"Ghost gun" means a firearm, including an unfinished frame or receiver, that:

(A) lacks a unique serial number engraved or cased in metal alloy on the frame or receiver by a <u>federally</u> licensed <u>firearms</u> <u>dealer,</u> manufacturer, maker<u>,</u> or importer in accordance with federal law; and

(B) **[**lacks markings and is not registered with the Secretary of the State Police in accordance with**]** <u>violates</u> Section 5-703(b)(2)**[**(ii)**]** of the Public Safety Article of the Maryland Code<u>,</u> <u>as</u> <u>amended</u>.

"Ghost gun" does not include a firearm that has been rendered permanently inoperable, or a firearm that is not required to have a serial number in accordance with the Federal Gun Control Act of 1968<u>,</u> <u>as</u> <u>amended</u>.

***Definition of "place of public assembly***. While the Court upheld the majority of the components of the County's definition of "place of public assembly," it "conclude[d] that hospitals, community health centers, long-term facilities, childcare facilities, and 'government building[s], including any place owned by or under the control of the County,' are not fairly encompassed within the definition of a 'place of public assembly.'" *Id*. at 34. "In summary, we conclude that the County's regulation of firearms in or within 100 yards of a place of public assembly is authorized by § 4-

209(b)(1)(iii) to the extent it extends to a park, place of worship, school, library, recreational facility, multipurpose exhibition facility, polling place, courthouse, and legislative assembly." *Id*. at 36.

In accordance with the opinion, the bill would amend the definition of "place of public assembly" as follows:

> *Place of public assembly:* A "place of public assembly" is:
>
> (1) a publicly or privately owned:
>
> (A) park;
>
> (B) place of worship;
>
> (C) school;
>
> (D) library;
>
> (E) recreational facility; or
>
> **[**(F) hospital;
>
> (G) community health center, including any health care facility or community-based program licensed by the Maryland Department of Health;;
>
> (H) long-term facility, including any licensed nursing home, group home, or care home;
>
> (I)**]** (F) multipurpose exhibition facility, such as a fairgrounds or conference center**[**; or
>
> (J) childcare facility**]**;
>
> (2) government building**[**, including any place owned by or under the control of the County**]** open to the public for the business of government;
>
> (3) polling place;
>
> (4) courthouse; or
>
> (5) legislative assembly**[**; or

(6) a gathering of individuals to collectively express their constitutional right to protest or assemble**]**.

A "place of public assembly" includes all property associated with the place, such as a parking lot or grounds of a building.

***Ghost guns in the presence of minors.*** The Court held that state law preempts the following provision of County law: "A person must not purchase, sell, transfer, possess, or transport a ghost gun, including a gun created through a 3D printing process, in the presence of a minor." *Id*. at 39-40. Accordingly, Expedited Bill 23-26 would remove the provision from County law (County Code Section 57-7(d)).

***Exemption for individuals with licenses traveling through the County.*** The Court held that the County's prohibition against possessing a firearm in "a place of public assembly" exceeded the County's authority to enact local laws because the prohibition could be construed to apply to an individual licensed by the state to carry a firearm while the person is travelling on a public highway. *Id*. at 61. Accordingly, Expedited Bill 23-26 would add an exemption to the prohibition for: "the possession of a handgun by a person who has a permit to carry the handgun under State law while the person travels on public highways within 100 yards of a place of public assembly".

SUMMARY OF IMPACT STATEMENTS

**Racial Equity and Social Justice**. "Taken together, the Office of Legislative Oversight (OLO) finds the anticipated racial equity and social justice (RESJ) impact of Expedited Bill 23-26 is indeterminate."

**Fiscal Impact**. According to the Office of Management and Budget, "Bill 23-26 clarifies existing law to conform with a Maryland Supreme Court ruling and is not expected to impact revenues and expenditures."

**Economic Impact**. "The Office of Legislative Oversight (OLO) anticipates that Expedited Bill 23-26 would have an insignificant impact on economic conditions in the County, as measured by the Council's priority economic indicators."

**Climate Assessment**. "The Office of Legislative Oversight (OLO) anticipates Expedited Bill 23-26 will likely have no impact as it is proposing changes to restrictions on ghost guns which is not expected to impact the County's contribution to climate change."

SUMMARY OF PUBLIC TESTIMONY

Several individuals and organizations testified for and against Expedited Bill 23-26. The attorney representing the plaintiffs against the County in *Engage Armament, LLC, et al. v. Montgomery County, Maryland* testified in opposition to the bill. Several speakers, including the plaintiffs' attorney, stated that state permit-holders travelling within 100 yards of places of public

assembly should be fully exempt from the prohibition under the bill. Speakers also expressed concern about legal fees the County may incur related to defending its gun regulations.

**SUMMARY OF COMMITTEE'S WORKSESSION**

Based upon additional review and analysis of the Supreme Court's opinion by the Office of the County Attorney, the Committee adopted the following amendments to Expedited Bill 23-26.

1. **<u>Clarification of the Limited Exemption for Firearms in Vehicles</u>**

As explained above (on page 4), the Court held that the County's prohibition against possessing a firearm in "a place of public assembly" exceeded the County's authority to enact local laws. *Id*. at 61. The Court held that the prohibition was not "local" because the prohibition could be construed to apply to an individual licensed by the state to carry a firearm while the person is travelling on a public highway. *Id*. Accordingly, Expedited Bill 23-26 was drafted to exempt from the "places of public assembly" prohibition: "the possession of a handgun by a person who has a permit to carry the handgun under State law while the person travels on public highways within 100 yards of a place of public assembly".

Council staff recommended, and the Committee agreed, to further refine the exemption related to firearms within vehicles so that it more closely mirrors a comparable exemption under State law, Criminal Law Article § 4-111 {Wearing, carrying, or transporting firearms; areas for children or vulnerable individuals; government or public infrastructure areas; special purpose areas}.

Under Criminal Law § 4-111, a person generally must not, *inter alia*, "wear, carry, or transport a firearm in a government or public infrastructure area." An exception to this prohibition exists for:

> (11) a firearm that is carried or transported in a motor vehicle if the firearm is:
>
> (i) locked in a container; or
>
> (ii) a handgun worn, carried, or transported in compliance with any limitations imposed under § 5-307 of the Public Safety Article, by a person to whom a permit to wear, carry, or transport the handgun has been issued under Title 5, Subtitle 3 of the Public Safety Article.

§ 4-111(b)(11).

The amendment to Expedited Bill 23-26 adopted by the Committee would mirror the state language as follows:

*Amend lines 84-103 to read as follows.*

(b) This section does not:

* * *

(6) apply to **[[**the possession of a handgun by a person who has a permit to carry the handgun under State law while the person travels on public highways within 100 yards of a place of public assembly**]]** a firearm that is carried or transported in a motor vehicle if the firearm is:

(i) locked in a container; or

(ii) a handgun worn, carried, or transported in compliance with any limitations imposed under Section 5-307 of the Public Safety Article of the Maryland Code, as amended, by a person to whom a permit to wear, carry, or transport the handgun has been issued under the Public Safety Article of the Maryland Code, as amended.

To make Chapter 57 internally consistent, and to avert similar challenges to Code Section 57-10 {Keeping guns on person or in vehicles}, the Committee also adopted the following amendment to Section 57-10.

*After line 76, insert the following.*

**57-10. Keeping guns on person or in vehicles.**

* * *

This Section must not be interpreted to prohibit a firearm that is carried or transported on person or in a motor vehicle, as defined under the Maryland Transportation Article, as amended, if the firearm is:

(1) in a motor vehicle, locked in a container; or

(2) a handgun worn, carried, or transported in compliance with any limitations imposed under Section 5-307 of the Public Safety Article of the Maryland Code, as amended, by a person to whom a permit to wear, carry, or transport the handgun has been issued under the Public Safety Article of the Maryland Code, as amended.

**2. <u>Retention of Section 57-11(d) – Gun Shops; Limited Grandfathering Clause</u>**

As originally drafted, the expedited bill would have deleted from the law Section 57-11(d), which provides a limited grandfathering clause from the "places of public assembly" restriction for gun shops in operation prior to January 1, 1997. The reason for the deletion was that the Circuit Court had struck down Section 57-11(d).

However, the Office of the County Attorney has determined after further review that the Supreme Court overturned the Circuit Court's rejection of subsection (d). In addition, research has revealed that subsection (d) is still relevant to at least two existing gun shops in the County – including one, Atlantic Guns, Inc., which has been in business since 1957 according to the State Department of Assessments and Taxation.

Given that subsection (d) was upheld by the Supreme Court and continues to be relevant, the Committee voted to amend the bill to retain subsection (d).

**<u>Next Step</u>**: Roll call vote to enact Expedited Bill 23-26 with amendments, as recommended by the PS Committee.

<u>This packet contains</u>:


| This packet contains | Circle # |
|---|---|
| Expedited Bill 23-26 | 1 |
| Opinion of the Maryland Supreme Court | 9 |
| Climate Assessment | 77 |
| Fiscal Impact Statement | 80 |
| Economic Impact Statement | 81 |
| Racial Equity and Social Justice Impact Statement | 83 |
| Public Testimony | 88 |