# EXHIBIT C

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MONTGOMERY COUNTY, MARYLAND,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 485899V |

**MOTION TO DISMISS COUNTS I, II, AND III OF SECOND AMENDED COMPLAINT**
**(Hearing Requested)**

Montgomery County, Maryland (the "County"), by and through undersigned counsel, hereby moves to dismiss Counts I, II, and III of the Second Amended Complaint in the above-captioned matter, and in support thereof, states as follows:

1. The above-captioned case is before this Court on remand from the Supreme Court of Maryland. On December 15, 2023, this Court entered a Declaratory Judgment and an Order Granting Injunctive Relief (together, the "Orders") on Counts I, II, and III of Plaintiffs' Second Amended Complaint. The Second Amended Complaint challenges Montgomery County Code Chapter 57, "as amended by Bill 4-21 and Bill 21-22E." Second Amended Complaint, ¶ 3.

2. On April 28, 2026, the Supreme Court of Maryland issued its Opinion in *Engage Armament LLC v. Montgomery County*, 494 Md. 1 (2026), followed by its May 29, 2026, Mandate. The Mandate vacated the judgment of the Appellate Court of Maryland with instructions to affirm in part and reverse in part this Court's Orders and remand to this Court "with instructions to enter judgment and award declaratory and injunctive relief consistent with" the Supreme Court Opinion. *See* Mandate, a copy of which is attached hereto and incorporated herein as Exhibit 1.

3. Since the Supreme Court issued its Mandate, however, the County enacted Bill 23-26E, which amends the very provisions that Plaintiffs seek to declare and enjoin in the Second

Amended Complaint. A copy of Bill 23-26E is attached hereto and incorporated herein as Exhibit 2. The County's enactment of Bill 23-26E renders this case moot and requires dismissal.

4. "'[I]t is well settled that 'the existence of a justiciable controversy is an absolute prerequisite to the maintenance of a declaratory judgment action.'" *Stevenson v. Lanham*, 127 Md. App. 597, 611 (1999). A controversy is moot—and therefore not justiciable—where "past facts and occurrences have produced a situation in which, without any future action, any judgment or decree the court might enter would be without effect." *Id*. at 612. "[W]hen the facts underlying a controversy … have lapsed with the passage of time, a ruling on a request for declaratory relief based on those facts is merely an academic exercise and will not be entertained." *Id*. at 613. Similarly, "injunctive relief is "'a preventative and protective remedy, *aimed at future acts*, and is not intended to redress past wrongs.'" *El Bey v. Moorish Cei. Temple of Am., Inc.*, 362 Md. 339, 353 (2001) (emphasis in original). A plaintiff "may not resort to a court of equity to restrain acts, actual or threatened, merely because they are illegal or transcend constitutional powers, unless it is apparent that irremediable injury will result." *Id*. (citing *Coster v. Dept. of Pers.*, 36 Md. App. 523, 526 (1977)).

5. Here, in their Notice Regarding Final Judgment and Remand Orders (Plaintiffs' "Notice"), filed on August 10, 2026, Plaintiffs confirm that the issues before this Court at this juncture are "limited to the Montgomery County Code, as amended by Bill 4-21 and Bill 21-22E." Notice at 6. Because the challenged Montgomery County Code provisions have been further amended by Bill 23-26E, the previous code as amended by Bill 4-21 and Bill 21-22E is an old version of the law and Plaintiffs' "claim for declaratory and injunctive relief with respect to the [County's] old [law] is therefore moot." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 590 U.S. 336, 339 (2020). *See also Carmen's Corner Store v. Small Bus. Admin.*, 520 F. Supp. 3d 726, 731 (D. Md. 2021) (dismissing claims for declaratory relief and injunction where rules no longer exist, and therefore "there is 'no possible meaningful relief that this court

could grant' in relation to those rules, [and] any relief would amount to an impermissible advisory opinion").

6. Even assuming, *arguendo*, that Plaintiffs may challenge Bill 23-26E's compliance with the Supreme Court's decision in *Engage Armament* or other Constitutional principles, they concede they do not do so here on remand. Rather, Plaintiffs describe their proposed Order Granting Injunctive Relief and proposed Declaratory Judgment as applying *only* to the now obsolete "version of the Montgomery County Code at issue in *Engage Armament*" and not "to subsequent amendments made to the Montgomery County Code, including the very recent amendments enacted by Bill 23-26E, which were signed into law by the County on July 27, 2026 … ." Notice at 6. Indeed, as Plaintiffs note, "Bill 23-26 has been challenged in the three lawsuits filed in federal district court" but "[n]o suit challenging Bill 23-26 has been filed in this Court." *Id*. Bill 23-26E is the law. Any challenge to a prior version serves no proper purpose.

7. Given the amendment of Chapter 57, and Plaintiffs' acknowledgment that they do not seek to challenge Bill 23-26E's constitutionality or compliance with *Engage Armament* in this case, there is nothing for this Court to do on remand, except advise upon what it *would* have done if Bill 4-21 and Bill 21-22E were still the law. This Court is without jurisdiction to render any such advisory opinion, and this case should be dismissed as moot.

WHEREFORE, Defendant, Montgomery County, Maryland, respectfully requests that this Court enter an order dismissing Counts I, II, and III of Plaintiffs' Second Amended Complaint as moot, and enter such other and further relief in favor of Defendant as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

/s/ Erin J. Ashbarry
Erin J. Ashbarry (AIS # 9912160001)
Chief, Division of Government Operations
erin.ashbarry@montgomerycountymd.gov
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
240-777-6700

/s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (AIS # 8812160244)
jschwaber@steinsperling.com
Fax: 301-354-8110

Deanna L. Peters (AIS # 0012130186)
dpeters@steinsperling.com
Fax: 301-354-8331

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
(301) 340-2020

*Attorneys for Defendant, Montgomery County, Maryland*

REQUEST FOR HEARING

Pursuant to Rule 2-311(f), Montgomery County, Maryland hereby requests a hearing on this Motion to Dismiss Counts I, II, and III of the Second Amended Complaint.

/s/ Deanna L. Peters
Deanna L. Peters (AIS # 0012130186)

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2026, a copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via MDEC.

/s/ Deanna L. Peters
Deanna L. Peters (AIS # 0012130186)