**J. MENASHE SHAPIRO**
805 Whittington Terrace, Silver Spring, MD 20901 • (216) 645-2094
RabbiMenasheShapiro@gmail.com

September 8, 2026

**VIA CASE MANAGEMENT/ELECTRONIC CASE FILES SYSTEM**
**AND ELECTRONIC MAIL: MDD_DKCChambers@mdd.uscourts.gov**
The Honorable Deborah K. Chasanow
United States District Court for the District of Maryland
6500 Cherrywood Lane, STE 400
Greenbelt, MD 20770

**RE:** ***Silver Spring Jewish Center, Inc. et al. v. Montgomery County, Maryland, et al.*** **(No. 8:26-cv-02963-DKC)**

Dear Judge Chasanow:

Plaintiffs Rabbi J. Menashe Shapiro and the Silver Spring Jewish Center, by and through its undersigned counsel, (collectively, the "SSJC Plaintiffs") write jointly to respond to the letter submitted earlier today by counsel for defendants. That letter attempted to rebut the SSJC Plaintiffs' statement that—to the best of the SSJC Plaintiffs' research and determination—no other jurisdictions prohibit firearms in houses of worship. As shown below, none of the examples offered by Mr. Schwaber rebut that assertion.

1. **Prince George's County.** The cited provisions do not constitute an outright ban in and near houses of worship, and the restrictions are materially more permissive than EB23-26. As shown on Defendant's own exhibit, Section 14-140 of Price George's County Code prohibits "discharge" and "possession, while loaded" of firearms on "church or church grounds." An exemption to the ban on "discharge" is provided for "the owner or tenant *of any land* . . . for the purpose of the protection of their own property or the life of themselves or their family." §14-140(b) (emphasis added). Based on the expansive "any land" language, this exemption appears to apply to a church's agent(s) as well. Similarly, the prohibition is limited to the possession of "loaded" firearms, but that qualifier necessarily means that separately carrying the firearm and magazine would be legal, unlike in Montgomery County.

2. **Charles County.** The cited regulation applies only to "air gun(s)" like "air rifles, BB guns, gas guns, spring-operated guns and air pistols," not to firearms. § 51(a) (internal quotation marks removed). Unlike air guns, which

rely on compressed air, firearms rely on a chemical explosion. *See Grant v. Maryland*, 501 A.2d 457, 479 (Md. Ct. Spec. App. 1985). In fact, Charles County recently debated a genuine firearm ban but withdrew the proposed bill before voting.[1]

3. **City of Gaithersburg.** The City of Gaithersburg exempts licensed permit holders from its restrictions. § 15–16 ("[E]xcept as permitted by § 4–203(b) of the Criminal Law Article of the Annotated Code of Maryland"). Section 4–203(b)(2) of the Criminal Law Article of the Annotated Code of Maryland is the concealed-carry permit provision.

4. **City of Takoma Park.** Similarly, the City of Takoma Park exempts licensed permit holders from its restrictions. *See* § 14.16.060(B)(6) ("This section does not apply to the possession of a handgun by a person who has received a permit to carry the handgun under State law") (flush language).

In sum, Defendants' letter does not identify an outright *ban* on firearms in houses of worship.

Respectfully,

Rabbi J. Menashe Shapiro,
Pro Se Plaintiff
805 Whittington Terrace
Silver Spring, Maryland 20901
T: (216) 645-2094
F: (216) 831-3736
RabbiMenasheShapiro@gmail.com

/s/ *Jacob Huebert*
Andrew J. Morris
Jacob Huebert
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
(202) 869-5210
andrew.morris@ncla.legal
jacob.huebert@ncla.legal
Attorneys for Plaintiff Silver Spring Jewish Center

[1] https://www.somdnews.com/independent/news/local/charles-county-firearms-bill-withdrawn-after-intense-criticism/article_11e33904-d716-5d44-bce9-65bc8dc124f7.html