**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Silver Spring Jewish Center, Inc., et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | Civil Action No. 8:26-cv-02963-DKC |
| | ) | |
| v. | ) | |
| | ) | |
| Montgomery County, Maryland, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' MOTION TO AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR INJUNCTION PENDING APPEAL**

Pursuant to Federal Rules of Civil Procedure 54(b) and 59(e),[1] Plaintiffs Silver Spring Jewish Center, Inc. and Rabbi J. Menashe Shapiro hereby move this Court to reconsider its partial denial of their Motion for Temporary Restraining Order or Preliminary Injunction (Dkt. 35, 36), and to enter a preliminary injunction prohibiting Defendants[2] from enforcing Montgomery County's ban on firearms within 100 yards of any place of public assembly, Montgomery County Code § 57-11(a)(1), against the members of Plaintiff Silver Spring Jewish Center, Inc. ("SSJC") and

[1] The Court's authority to reconsider and amend an interlocutory decision is pursuant to Fed. R. Civ. P. 54(b). However, the Fourth Circuit has explained that for the purpose of appellate jurisdiction and "tolling under Appellate Rule 4(a)(4)(A)(iv)," this motion is the "functional equivalent of a Rule 59(e) motion." *Gelin v. Balt. Cnty.*, 122 F.4th 531, 537 (4th Cir. 2024) (cleaned up).

[2] Plaintiffs give notice that Defendant Marc R. Yamada, who was sued in his official capacity as Chief of Police of Montgomery County, has resigned from his position. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Police Chief Darren Francke has automatically been substituted as a Defendant

Plaintiff Rabbi J. Menashe Shapiro as they walk between the synagogue and their homes. In the alternative, Plaintiffs move, pursuant to Federal Rule of Civil Procedure 62(c), for a preliminary injunction pending appeal providing the same relief.

As explained in the accompanying memorandum, Plaintiffs are likely to succeed on the merits of their Second Amendment and Free Exercise Clause challenges to the 100-yard rule as applied to their walk to and from synagogue. Plaintiffs will continue to suffer irreparable harm absent relief, and the balance of equities and the public interest favor an injunction, for the same reasons that supported the Court's earlier grant of preliminary relief as to Defendants' ban on firearms in places of worship. This relief remains urgent: the Jewish holidays of Sukkot and Shemini Atzeret/Simchat Torah begin September 25 and October 2, 2026, respectively, and both fall within the period surrounding the anniversary of the October 7, 2023 attacks.

Dated: September 24, 2026

Eric S. Baxter (Bar No. 15640)
Daniel L. Chen (*pro hac vice* pending)
Benjamin A. Fleshman (admission pending)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., NW
Suite 400
Washington, DC 20006

/s/ Jacob Huebert
Andrew J. Morris (Bar No. 22945)
Jacob Huebert (pro hac vice)
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22204
(202) 869-5210
andrew.morris@ncla.legal
jacob.huebert@ncla.legal

*Attorneys for Plaintiff Silver Spring Jewish Center*

/*s*/ J. Menashe Shapiro
Rabbi J. Menashe Shapiro,
805 Whittington Terrace
Silver Spring, Maryland 20901
T: (216) 645-2094
F: (216) 831-3736
RabbiMenasheShapiro@gmail.com

*Pro Se Plaintiff*